

# NUMBER 13-10-00147-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE MATTER OF C.A.V., A JUVENILE

**On appeal from the Juvenile Court
of Victoria County, Texas**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Justice Perkes**

Appellant C.A.V. appeals the juvenile court's order that he be transferred from the Texas Youth Commission to the Texas Department of Criminal Justice to complete his sentence. *See* TEX. FAM. CODE ANN. §§ 51.04(a), 54.11 (Vernon 2008 & Supp. 2010). On December 12, 2007, C.A.V., as a juvenile, was adjudicated guilty of arson and after a disposition hearing, he was committed to the Texas Youth Commission under a determinate sentence of forty years. *See* TEX. FAM. CODE ANN. §§ 53.045, 54.04 (Vernon 2008). After C.A.V. reached the age of eighteen, the State requested a transfer hearing to determine whether C.A.V. should be transferred to the Texas Department of

Criminal Justice for the completion of his determinate sentence. On February 18, 2010, the trial court held a transfer hearing. At the hearing, the State presented testimony from a psychologist and a Texas Youth Commission employee concerning C.A.V.'s experiences, character, and progress while committed to the Texas Youth Commission. At the conclusion of the hearing, the trial court ordered that C.A.V. be transferred to the custody of the Texas Department of Criminal Justice to complete his sentence. C.A.V. filed a timely notice of appeal, and as discussed below, his court-appointed counsel filed an *Anders* brief. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), C.A.V.'s court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. In *In re D.A.S.*, the Texas Supreme Court held that the *Anders* procedure applies to juvenile appeals and noted that although juvenile-delinquency proceedings are classified as civil, they are quasi-criminal in nature. 973 S.W.2d 296, 298 (Tex. 1998).

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex.

2

Crim. App. 1991). In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), C.A.V.'s counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on C.A.V., and (3) informed C.A.V. of his right to review the record and to file a pro se response.[1] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and C.A.V. has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

The State did not file a response to counsel's *Anders* brief. But this does not prevent this Court from performing an independent review. *See Siverand v. State*, 89 S.W.3d 216, 219-20 (Tex. App.—Corpus Christi 2002, no pet.) (performing an independent examination of appellant's issue on appeal when State did not file a response brief).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   There is no reversible error in the record.   Accordingly, we affirm the trial court's transfer order.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, C.A.V.'s attorney has asked this Court for permission to withdraw as counsel for C.A.V.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.)   (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this Court's opinion and judgment to C.A.V. and to advise him of his right to file a petition for further review.[2]   *See* TEX. FAM. CODE ANN. § 56.01(a) (Vernon Supp. 2010); *see also* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
Gregory T. Perkes
Justice

Delivered and filed the 10th
day of February, 2011.

_____

[2] No substitute counsel will be appointed.   Should C.A.V. wish to seek further review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review.

4